[Civ. No. 16221.   First Dist., Div. Two.   Mar. 21, 1955.]

PAN AMERICAN WORLD AIRWAYS, INC. (a Corporation), Respondent, v. STATE BOARD OF EQUALIZATION et al., Appellants.

Edmund G. Brown, Attorney General, James E. Sabine, Assistant Attorney General, Ernest P. Goodman and Sho Sato, Deputy Attorneys General, for Appellants.

Athearn, Chandler & Hoffman, F. G. Athearn and Leigh Athearn for Respondent.

NOURSE, P. J.—Plaintiff sued to recover the amount collected by defendants as a "use" tax on certain equipment on airplanes of plaintiff located in this state. It was the theory of the plaintiff that the personal property taxed herein was exempt from taxation under section 6366 of the Revenue and Taxation Code. Plaintiff had judgment.

The code section reads: "§ 6366. There are exempted from the taxes imposed by this part the gross receipts from the sale of and the storage, use, or other consumption of aircraft sold to persons using such aircraft as certificated or licensed carriers of persons or property in interstate or foreign commerce under authority of the laws of the United States or any foreign government, or sold to any foreign government for use by such government outside of this State, or sold to persons who are not residents of this State and who will not use such aircraft in this State otherwise than in the removal of such aircraft from this State."

Preliminarily it should be said that respondent does not contend for the exemption of such passenger service equipment as blankets, pillows, sheets, etc., or such buffet equipment as dishes, silverware, glasses, etc. It limits its claims to such articles as are required by the Civil Aeronautics Authority to be installed prior to a certificate of airworthiness. Such a certificate was issued by the Authority on all of respondent's planes certifying the installation of all the items here involved, such as galley equipment, radio navigation equipment, first-aid kits, overwater emergency equipment, liferafts, life jackets, radio sets and passenger oxygen.

The question arising is whether these articles, all of which had been installed prior to the delivery of the planes into this state, become an integral part of the aircraft before delivery within this state.

The facts are that respondent contracted with the Boeing Aircraft Company of Seattle, Washington, for the delivery

of 20 passenger planes fully equipped in accordance with the specifications of the federal regulations. Respondent purchased the equipment here involved from a manufacturer who delivered them to Boeing in Seattle, who installed them in the aircraft as stated. Delivery to respondent was made outside the State of California. Hence, when they were brought into this state the planes were fully equipped.

These facts having been found true by the superior court (and there is no conflict in the evidence) the learned trial judge filed a written opinion which we herein quote with our full approval.

"Plaintiff Pan American World Airways, Inc., sues herein seeking a refund of *use tax* paid to defendant. The tax was levied by defendant Board upon plaintiff for storage and use in California of certain items of tangible personal property hereinafter set forth. Plaintiff's petition for refund is timely herein and upon denial of petition plaintiff instituted this action.

"The facts are not in dispute. Plaintiff, Pan American World Airways, Inc., a certificated licensed carrier of persons and property in interstate and foreign commerce under authority of the laws of the United States, contracted with Boeing Aircraft Company of Seattle, Washington, to purchase twenty aircraft at a purchase price of $1,304,390 per plane. Of these twenty planes, eleven were needed and brought by plaintiff to its base at San Francisco Municipal Airport. Deliveries were all made according to the purchase contract at Portland, Oregon, or Seattle, Washington. These eleven planes all arrived in California on the same day they were delivered to plaintiff in Seattle or Portland. Upon delivery by Boeing at either of these two cities the planes were taken over by crews of plaintiff and flown to San Francisco Municipal Airport in California. The contract provided that the manufacturer, Boeing, would obtain for each 'aircraft,' prior to delivery thereof, an appropriate Airworthiness Certificate, in the Transport category, from the Civil Aeronautics Administration.

"The specifications for construction of the planes provided for certain customer-furnished equipment to be installed by Boeing prior to delivery. Plaintiff purchased this equipment directly from manufacturer-suppliers at their several plants or offices in the United States and this equipment was shipped by the manufacturer thereof directly to Boeing at Seattle, who installed this equipment in accordance with the contract of purchase prior to delivery of the planes to plaintiff. This

equipment consists of articles required by the Civil Aeronautics Authority to be installed upon the planes prior to the issuance of the Certificate of Airworthiness necessary to the use of the planes. All of these planes were of a type designed for use by plaintiff in its interstate and foreign business. Following is a list of the customer-furnished equipment for each plane involved, and which was installed by Boeing; Galley equipment, radio navigation equipment, including indicating instruments; first-aid kits; overwater emergency equipment, including six 15-man liferafts, eight-five life jackets, emergency kit, emergency rations, emergency radio set, and passenger oxygen.

''The issues herein may be very simply stated:

'' (1) Are the items of customer-furnished equipment on the planes at the time of their arrival in California an integral part of an 'aircraft' and thus exempt from the tax herein levied in accordance with section 6366 of the Revenue and Taxation Code of California; and

'' (2) Are these items part of a vehicle of interstate commerce when brought into the State and thus not subject, constitutionally, to tax by the State, as a violation of the 'commerce clause' of the United States Constitution.

''The first issue to be determined herein is whether the disputed customer-furnished equipment purchased by plaintiff in various parts of the United States and delivered to Boeing in Seattle and there installed by Boeing in the planes, became an integral part of an 'aircraft' so as to lose its separate individual identity and become merged into the completed 'aircraft' prior to its arrival in California. Certainly the State of California, under the facts herein, had no taxing authority under the Sales and Use Tax Act until the articles in question arrived in California so as to acquire a tax situs within the State. This moment could not arrive until the planes themselves arrived in California. All of the articles in dispute herein at that time were an integral part of the 'aircraft.' Without any of them a Certificate of Airworthiness could not have been obtained from the C.A.A. for the plane. The Legislature, in section 6366, has specifically exempted 'aircraft' from the tax levied by defendant Board herein. These items at the time the planes arrived at San Francisco Municipal Airport had become an integral part of an 'aircraft,' which under C.A.A. regulations would have been incomplete without them. They were not replacement parts, repair parts nor additional items to be installed at some

future date. These items were not to be unloaded and stored pending use, but were integral part of an 'aircraft,' and, according to C.A.A. regulations, essential thereto. That these safety and airworthiness regulations of the C.A.A. are reasonable in all respects cannot be questioned. That body, under proper authority given it by law, has determined this fact; thus the items of concern herein are no longer just single items of inventory or equipment, but are integral parts of an 'aircraft' and not subject to tax. Who originally ordered, purchased or took delivery of these articles is of no consequence; we must look to their first arrival in California when they came within the tax situs of the State of California under the Act in question to determine the taxable character of the goods. At that time they were integral parts of an 'aircraft' just as much as the engines and frame of the plane.''

The gist of the case is that, upon the arrival of the plane in this state, all the controversial equipment had become an integral part of the ''aircraft'' and hence was exempted from the storage and use taxes under the provisions of the Revenue and Taxation Code.

There are no California authorities in point, and none from other jurisdictions covering the question because our statutes are peculiar and individual in scope. The common sense construction of our statutes is that, in exempting the ''aircraft'' from the use tax, the statutes exempted all the essential equipment required by the federal regulations as an integral part of the aircraft.

Since we have concluded that the items referred to are not subject to the tax under the provisions of section 6366 of the Revenue Code, it would serve no purpose to discuss the other point raised by respondent—the application of the ''commerce clause'' of the federal Constitution.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 20, 1955, and appellants' petition for a hearing by the Supreme Court was denied May 18, 1955.